IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES ROBERT MASON II, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AMC ENTERTAINMENT HOLDINGS,) <br> INC., AMC ENTERTAINMENT, INC. ) <br> and AMERICAN MULTI-CINEMA, ) <br> INC., ) <br> ) <br> Defendants. ) | CIVIL ACTION <br><br> FILE No. 4:20-cv-00203 |

## COMPLAINT

COMES NOW, CHARLES ROBERT MASON II, by and through the undersigned counsel, and files this, his Complaint against Defendants AMC ENTERTAINMENT HOLDINGS, INC., AMC ENTERTAINMENT, INC. and AMERICAN MULTI-CINEMA, INC. pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq*.

2. Venue is proper in the federal District Court for the Southern District of Texas, Houston Division.

1

## PARTIES

3. Plaintiff CHARLES ROBERT MASON II (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

4. Plaintiff suffers from Retinopathy Prematurity and is legally blind.

5. Plaintiff is disabled as defined by 42 U.S.C. §12012(1)(A) and 42 U.S.C. 3602, §802(h).

6. As a result of his disability, Plaintiff is substantially limited in performing one or more major life activities.

7. Defendant AMC ENTERTAINMENT HOLDINGS, INC. (hereinafter "AMC Holdings") is a Delaware corporation that transacts business in the state of Texas and within this judicial district.

8. AMC Holdings may be properly served with process via its registered agent for service of process, to wit: Corporate Creations Network, Inc., 5444 Westheimer Road #1000, Houston, Texas 77056.

9. Defendant AMC ENTERTAINMENT, INC. (hereinafter "AMC Entertainment") is a Delaware corporation that transacts business in the state of Texas and within this judicial district.

10. AMC Entertainment may be properly served with process via its registered agent for service, to wit: may be properly served with process via its registered agent for service of process, to wit: Corporate Creations Network, Inc., 5444 Westheimer Road

#1000, Houston, Texas 77056.

11. American Multi-Cinema, Inc. (hereinafter "Multi-Cinema") is a Missouri corporation that transacts business in the state of Texas and within this judicial district.

12. Multi-Cinema may be properly served with process via its registered agent for service, to wit: may be properly served with process via its registered agent for service of process, to wit: Corporate Creations Network, Inc., 5444 Westheimer Road #1000, Houston, Texas 77056.

13. Together, AMC Holdings, AMC Entertainment and Multi-Cinema (collectively, "Defendants") own a chain of movie theaters ("AMC Theaters") that operate throughout the United States, including, but not limited to, the state of Texas.

**FACTUAL ALLEGATIONS**

14. Plaintiff regularly attends presentations of movies at AMC Theaters and is an "AMC Stubs A-List" member. (Prior to May 11, 2019, Plaintiff was an "AMC Stubs Premier" member).

15. Since May 11, 2019, Plaintiff has attended in excess of twenty-five (25) movies at AMC Gulf Pointe 30, located at 11801 Sam Houston Parkway E., Houston, Texas 77089 (hereinafter "Gulf Pointe 30").

16. On May 11, 2019, Plaintiff attended the 9:00 P.M. presentation of "Avengers: Endgame" at Gulf Pointe 30. Plaintiff requested an audio description device, but was given a hearing-impaired device, and Plaintiff was unable to comprehend the

3

movie. After the movie[1], Plaintiff informed Gulf Pointe 30 that he was not provided an audio description device and received two re-admit guest passes for future movies.

17. On May 13, 2019, Plaintiff attended the 5:15 P.M. presentation of "Us" at Gulf Pointe 30. Plaintiff requested an audio description device. The device given to Plaintiff malfunctioned and Plaintiff was unable to comprehend the movie.

18. On May 17, 2019, Plaintiff attended the 7:00 P.M. presentation of "John Wick 3" at Gulf Pointe 30. Plaintiff requested an audio description device. The device given to Plaintiff malfunctioned and Plaintiff was unable to comprehend the movie. Plaintiff informed Gulf Pointe 30 of the device malfunction and received a re-admit guest pass for a future movie.

19. On May 23, 2019, Plaintiff attended the 6:00 P.M. presentation of "Aladdin" at Gulf Pointe 30. Plaintiff requested an audio description device. The device given to Plaintiff malfunctioned and Plaintiff was unable to comprehend the movie. Plaintiff informed Gulf Pointe 30 of the device malfunction and received a re-admit guest pass for a future movie.

20. On July 14, 2019, Plaintiff attended the 5:00 P.M. presentation of "Spider-Man: Far From Home" at Gulf Pointe 30. Plaintiff requested an audio description device, but was given a hearing-impaired device, and Plaintiff was unable to comprehend the movie. After the movie, Plaintiff informed Gulf Pointe 30 that he was not provided an audio description device and received two re-admit guest passes for future movies.

---

[1] Due to his disability, once seated in a theater, Plaintiff is unable to leave his seat until the movie presentation is complete unless he is seated immediately adjacent to a door.

21. On July 19, 2019, Plaintiff attended the 7:30 P.M. presentation of "The Lion King" at Gulf Pointe 30. Plaintiff requested an audio description device. The device given to Plaintiff malfunctioned, but a replacement device was brought to Plaintiff at his seat by an AMC Theater employee. Nevertheless, Plaintiff was unable to comprehend a significant portion of the movie.

22. On August 4, 2019, Plaintiff attended the 1:15 P.M. presentation of "Hobbs & Shaw" at Gulf Pointe 30. Plaintiff requested an audio description device. The device given to Plaintiff malfunctioned, but a replacement device was brought to Plaintiff at his seat by an AMC Theater employee. Nevertheless, Plaintiff was unable to comprehend a significant portion of the movie. After the movie, Plaintiff informed Gulf Pointe 30 of his frustration resulting from his being regularly denied the use of functioning audio description devices at Gulf Pointe 30, and received a re-admit guest pass for a future movie.

23. On August 18, 2019, Plaintiff attended the 2:15 P.M. presentation of "Good Boys" at Gulf Pointe 30. Plaintiff requested an audio description device. The device given to Plaintiff malfunctioned, and a purported replacement device was brought to Plaintiff at his seat by an AMC Theater employee, but he was instead given a hearing-impaired device. Plaintiff was unable to comprehend the movie. After the movie, Plaintiff again informed Gulf Pointe 30 of his frustration resulting from his being regularly denied the use of functioning audio description devices at Gulf Pointe 30, and received a re-admit guest pass for a future movie.

24. On October 3, 2019, Plaintiff attended the 10:00 P.M. presentation of "Joker" at Gulf Pointe 30. Plaintiff requested an audio description device. The device given to Plaintiff malfunctioned and Plaintiff was unable to comprehend the movie. Plaintiff informed Gulf Pointe 30 of the device malfunction and received a re-admit guest pass for a future movie.

25. On November 2, 2019, Plaintiff attended the 7:45 P.M. presentation of "Harriet" at Gulf Pointe 30. Plaintiff requested an audio description device, but was given a hearing-impaired device. A replacement device was later brought to Plaintiff at his seat by an AMC Theater employee. Nevertheless, Plaintiff was unable to comprehend a significant portion of the movie.

26. On November 22, 2019, Plaintiff attended the 7:15 P.M. presentation of "Frozen 2" at Gulf Pointe 30. Plaintiff requested an audio description device. The device given to Plaintiff malfunctioned and Plaintiff was unable to comprehend the movie. Plaintiff informed Gulf Pointe 30 of the device malfunction and received a re-admit guest pass for a future movie, along with popcorn and soft drink vouchers.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

27. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

28. Title III of the ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of places of public accommodation. 42 U.S.C. §

12182 *et seq*.

29. Each AMC Theater location (including, but not limited to, Gulf Point 30) is open to the general public.

30. Each AMC Theater (including, but not limited to, Gulf Point 30) is a "motion picture house, theater, concert hall stadium or other place of exhibition or entertainment" as defined at 42 U.S.C. §12181(7)(C) and 28 C.F.R. §36.104.

31. Each AMC Theater (including, but not limited to, Gulf Point 30) is a public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. § 12182; 28 C.F.R. Part 36.

32. Title III regulations require that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303(c)(1).

33. "Auxiliary aids and services" includes the "[a]cquisition or modification of equipment or devices; and [o]ther similar services and actions." 28 C.F.R. § 36.303(b). Such aids and services "must be provided in accessible formats and in a timely manner." *Id*.

34. Further, on December 2, 2016, the Department of Justice issued 81 FR 87348[2], effective January 17, 2017, requiring that public accommodations with movie theater auditoriums showing digital movies must provide closed movie captioning and

---

[2] https://www.govinfo.gov/content/pkg/FR-2016-12-02/pdf/2016-28644.pdf

audio description in such auditoriums by June 2, 2018 (or by December 2, 2018, if the subject theater is converted from analog to digital after December 2, 2016).

35. Defendants must furnish auxiliary aids or services that enable such individuals to equally and independently benefit from the entertainment offered at AMC Theaters unless doing so would result in a fundamental alteration of their good and services, or would cause undue burden upon them. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303(a).

36. Public accommodations are also required to maintain, in operable working condition, those features of equipment that are required to be readily accessible to, and usable by, persons with disabilities pursuant to 28 C.F.R. § 36.211.

37. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

38. Plaintiff has been denied full and equal access to the goods and services provided by Defendants.

39. Defendants have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their public accommodations, in violation of 42 U.S.C. § 12182(b)(2)(A)(iii).

40. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are required to provide full and equal access to

the services offered at AMC Theaters to Plaintiff and other persons with disabilities.

41. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to provide full and equal access to the services offered at AMC Theaters to Plaintiff and other persons with disabilities.

42. Plaintiff's requested relief serves the public interest.

43. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

44. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

45. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an order requiring Defendants to adopt and implement a system to maintain in good working order a reasonable number of audio description devices for the visually impaired to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find AMC Entertainment Holdings, Inc. in violation of the ADA;

(b) That the Court find AMC Entertainment, Inc. in violation of the ADA;

(c) That the Court find American Multi-Cinema, Inc. in violation of the ADA;

(d) That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(e) That the Court issue an Order requiring Defendants to adopt and implement a system to maintain in good working order a reasonable number of audio description devices for the visually impaired to the extent required by the ADA.

(f) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(g) That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: January 17, 2020.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
*Attorney-in-Charge for Plaintiff*
Southern District of Texas ID No. 2582051
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com